UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL NO. 19-066** |
| **v.** | * | **SECTION: "S"** |
| **PATRICIA HARGIS** | * | |

\* \* \*

## JOINT MOTION REQUESTING ISSUANCE OF ORDER REGARDING SENTENCING HEARING BY VIDEO CONFERENCE

**NOW INTO COURT**, comes the United States of America and the defendant, who through the undersigned counsel, jointly request that this Court issue the proposed order, so that the sentencing by video conference may proceed under the requirements of the pertinent statute and general order of this district.

1. Due the COVID-19 pandemic, Congress has allowed criminal sentencings to be conducted by video teleconference when several conditions have been met. *See* Pub. L. No. 116-136, § 15002(b)(2), 134 Stat. 281, 528-29 (2020) (hereinafter "CARES Act."). These conditions include consent of the defendant after consultation with counsel and separate findings to be made by the court's chief judge and the district judge assigned to the particular case. The chief judge must find that "felony sentencings under Rule 32 of the Federal Rules of Criminal Procedure cannot be conducted in person without seriously jeopardizing public health and safety." *Id.* "[T]he district judge in a particular case" must "find…. for specific reasons that the sentencing cannot be delayed without serious harm to the interests of justice." *Id*.

2. In this district, General Order 20-4 made the finding required of the Chief Judge under the CARES Act. See Eastern District of Louisiana, General Order 20-4 ("it is specifically found that … felony sentencings under Rule 32 cannot be conducted in person without seriously jeopardizing public health and safety"). General Order 20-4 also restates the CARES Act's

requirement of what must be found by the assigned district judge. *Id*. ("A felony plea or sentencing hearing may be held by video conferencing … where the presiding judge finds, for specific reasons, that the … sentencing in a particular case cannot be further delayed without serious harm to the interests of justice.").

3. Ms. Hargis, after consultation with counsel, consents and wishes to be sentenced by video conferencing as scheduled on May 14, 2020. Ms. Hargis and her counsel believe that her sentencing cannot be further delayed without serious harm to the interests of justice because she believes the stress and anxiety of awaiting sentence continues to exacerbate her health conditions, which are described in the PSR and Ms. Hargis's sentencing filing. As such, Ms. Hargis and the government request that this Court issue the included proposed finding as required by the CARES Act and General Order 20-4.

Dated: May 12, 2020.

    Respectfully submitted,

    PETER G. STRASSER
    UNITED STATES ATTORNEY

    */s/ Chandra Menon*
    CHANDRA MENON
    Assistant United States Attorney
    650 Poydras St., Suite 1600
    New Orleans, Louisiana 70130
    Telephone: (504) 680-3085
    Email:  Chandra.Menon@usdoj.gov

    */s/ Brian Capitelli*
    RALPH CAPITELLI BR # 03858
    BRIAN J. CAPITELLI BR# 27398
    CAPITELLI AND WICKER
    1100 Poydras St., Suite 2950
    New Orleans, Louisiana 70163
    Telephone: (504) 582-2425
    brian@capitelliandwicker.com
    **Counsel for Patricia Hargis**

## **CERTIFICATE OF SERVICE**

     I hereby certify that on May 12, 2020, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all defense counsel.

                                             */s/ Chandra Menon*
                                             CHANDRA MENON
                                             Assistant United States Attorney