UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO: 19-CR-0066 |
| PATRICIA HARGIS | SECTION "S" |

**MOTION AND INCORPORATED MEMORANDUM REQUESTING EARLY TERMINATION OF PROBATION**

**NOW INTO COURT**, through undersigned counsel, comes defendant Patricia Hargis who, respectfully requests early termination of her sentence of probation for the following reasons to wit:

I.

On May 14, 2020, this Honorable Court sentenced Patricia Hargis to a three (3) year term of probation including twenty-one (21) months of home confinement. Additionally, the Court imposed the following monetary penalties:

1. Restitution to the IRS in the amount of $110,810.00

2. Fine of $7,500.00

3. Special Assessment of $100.00

II.

All of the monetary penalties imposed have been paid by Ms. Hargis. The fine and special assessment were paid in May of 2020, over one (1) year ago.

III.

Concerning the restitution that the Court ordered, this was paid per agreement with the Assistant United States Attorney handling this matter in advance of sentencing. In fact, the entire amount was paid in full on July 11, 2019, over ten months prior to sentencing.

The IRS did not initially give Ms. Hargis the proper credit for this payment which resulted in threats of liens being placed on her accounts. This confusion by the IRS was finally resolved with the assistance of AUSA Chandra Menon. We thank Mr. Menon for his help and that we did not have to come to the Court to resolve this important issue. Nonetheless, Ms. Hargis endured significant stress because of these erroneous demands by the IRS, which at times in the past six (6) months exacerbated her serious hypertension issues.

IV.

Under 18 U.S.C. §3564 (c), Ms. Hargis is eligible to be considered for early termination of probation once she has completed over one (1) year of that probationary term.

V.

Counsel for Ms. Hargis has conferred with Michael Hall who is Ms. Hargis' assigned probation officer and he confirmed that she has had no violations in the past year and he has no objection to this request for early termination.

VI.

A review of the salient factors of 18 U.S.C. §3553 shows that this request is warranted by the conduct of the defendant and in the interest of justice.

Ms. Hargis is 73 years old and has no prior criminal record whatsoever. Ms. Hargis is retired and is no longer involved in charitable gaming and therefore there is no issue regarding any need for deterrence and no threat for future crimes.

VII.

Ms. Hargis' only granddaughter, Paige, is 13 years old and has been through an emotionally difficult time this past year, especially because of the ongoing litigation involving the divorce of her parents.

VIII.

There are several important ways that Ms. Hargis would like to help her granddaughter over the next few months which are not feasible with the present requirement of home confinement. Specifically, the owner of the pre-school Bright Horizons (which Paige attended) would be happy to have her assist as a volunteer to help the young children. Both Paige's father (Ms. Hargis' son) and her mother work and cannot provide the needed transportation to enable Paige to assist at Bright Horizons which is located in Belle Chase. Ms. Hargis will gladly provide the needed daily transportation for Paige to assist at Bright Horizons. Ms. Hargis knows this would be extremely beneficial to her granddaughter, especially at this time.

Additionally, Ms. Hargis has two older sisters, Betty (77 years old) who lives in Mississippi and Marie (80 years old) who resides in Houston that she has not seen in over one (1) year. Both have serious health issues which makes their traveling problematic.

Betty has been diagnosed with early onset Alzheimer's. Last week, an MRI confirmed that she has recently suffered from two (2) TIA's. She also has glaucoma and is dealing with ongoing vision problems including the possibility of complete loss of her eye sight.

Marie has been suffering with multiple health issues including complications from the removal of her thyroid. Her overall health is bad and she is unable to drive. Ms. Hargis was unable to assist with her care because of her probation restrictions.

Recently Ms. Hargis has moved into a residence which has three (3) bedrooms. The third bedroom she calls "Marie's room". She would like to go to Houston and bring Marie back to live with her. Marie was heartbroken when her sister-in-law, who was married for fifty (50) years to their brother who was deceased, died a few months ago and she was unable to come back to New Orleans for the funeral. Ms. Hargis will be able to undertake Marie's care if the court grants this motion or in the alternative removes the home confinement requirement. At the very least, Ms. Hargis would like to visit Betty and if possible, take Betty to visit their sister Marie. If her parents approve, Ms. Hargis would like Paige to accompany them on the trip.

IX.

Counsel for Ms. Hargis has contacted AUSA Chandra Menon who indicated that he cannot agree to this request.

Wherefore, for the reasons cited herein, undersigned respectfully requests that this Court terminate Ms. Hargis' Probation as allowed under 18 U.S.C. 3583 (e)(1).

Respectfully submitted,

/s/ RALPH CAPITELLI
RALPH CAPITELL, LA BAR #3858
BRIAN J. CAPITELLI, LA BAR #27398
1100 Poydras St., Suite 2950
New Orleans, LA 70163
Phone: (504) 582-2425
Fax: (504) 582-2422
*Counsel for Patricia Hargis*

CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of May, 2021, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

/s/ RALPH CAPITELLI
RALPH CAPITELLI