UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO. 19-66 |
| v. | * | SECTION: "S" |
| PATRICIA HARGIS | * | |

\* \* \*

### GOVERNMENT'S RESPONSE TO DEFENDANT'S
### MOTION FOR EARLY TERMINATION OF PROBATION

**NOW INTO COURT**, comes the United States of America, appearing herein by and through the undersigned Assistant United States Attorneys, and hereby respectfully requests that this Court deny the defendant's Motion for Early Termination of Probation.

### FACTS

The defendant's guideline range was 18 to 24 months incarceration. The defendant moved for a downward variance based on, among other things, health issues and the fact that she had paid restitution (the taxes she owned the IRS). Rec. Doc. 42.

In its response, the government pointed out the seriousness of the crime. The government suggested that the defendant's arguments could justify a bottom of the guidelines sentence. The government further suggested that, if this Court decided to spare the defendant incarceration, home confinement would be more appropriate than ordinary probation.

At the sentencing hearing, the defendant raised concerns about assisting in the care of her granddaughter while serving home confinement. This Court granted the downward variance motion and sentenced the defendant to a three-year term of probation with 21 months to be served under home confinement "with the exception that she may leave home to purchase groceries, attend church and doctors' appointments, and, with the prior approval of probation, to participate

in events involving her granddaughter." Rec. Doc. 55. As required by law, the Court imposed this sentence upon a determination that it was "not greater than necessary, to comply with" statutory sentencing factors. 18 U.S.C. § 3553(a).

The defendant soon moved to modify the terms of her come confinement, again asserting concerns about her granddaughter. Rec. Doc. 57. The Court denied that that motion. Rec. Doc. 59.

On June 1, 2021, the defendant filed the instant motion. Rec. Doc. 60. The defendant again raises concerns related to her granddaughter as well as concerns related to her sisters.

An individual provided the government with a letter that disputes the factual assertions in the instant motion. As requested by this individual, the government provided the letter to the Court and U.S. Probation and the government also provided a copy of the letter to defense counsel.

**LAW**

18 U.S.C. § 3564(c) authorizes a court to terminate probation if the court has "considered the factors set forth in section 3553(a) to the extent that they are applicable" and "if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice." 18 U.S.C. § 3564(c). As observed in *United States v. Paterno*, "[c]ourts generally agree that early termination is a discretionary decision that is only warranted in cases where the defendant shows changed circumstances, such as exceptionally good behavior." 2002 WL 1065682, at *2 (D.N.J. Apr. 30, 2002). Accordingly, most court decisions on this issue hold that mere compliance with supervision conditions and with the law are insufficient to warrant early termination. *Id.* Applying these principles, the *Paterno* court found that:

> Defendant here has not exhibited any new or exceptional circumstances to justify termination of his probation. He has served nearly three years of his five year probation term. The Court notes that Defendant's sentence of five years probation was already a significant departure from the 24 to 30 month term of incarceration it could have imposed. Merely complying with the terms of his probation and

> abiding by the law are not in and of themselves sufficient to warrant early termination of probation; rather, this is simply what is expected of Defendant.

*Id.* at *3; *see also United States v. Hayes*, No. CRIM.A. 01-311, 2013 WL 5328874, at *1 (E.D. La. Sept. 20, 2013) (denying motion for early termination of supervised release where defendant was "merely abiding by the terms of his supervised release, which is the expectation for all defendants. The Court urges [the defendant] to continue down the path he is on and allow his supervised release to quietly expire as it does in any situation wherein a defendant does not violate the terms of his supervised release.").

## ARGUMENT

The government opposes the defendant's motion to reduce a sentence that this Court carefully determined to be sufficient, but not greater than necessary, to reflect the seriousness of the crime and other sentencing factors. First, the defendant's assertions do not rise to level of exceptional new circumstances. Rather, the arguments are substantially similar to those previously raised at sentencing and in the previously denied motion to modify probation. Second, early termination of probation or release from home confinement would not sufficiently reflect the seriousness of the offenses, promote respect for the law, provide just punishment, and afford adequate deterrence to criminal conduct

The government submits that for the above reasons, the motion should be denied without a need to resolve the factual disputes between the defendant and the individual who submitted the above-referenced letter. Alternatively, if this Court considers the defendant's factual assertions to be potential grounds for granting the motion, the government submits that this Court should

evaluate all factual assertions and, as necessary, require additional information to determine the pertinent facts concerning the defendant's request.

Respectfully submitted,

DUANE A. EVANS
UNITED STATES ATTORNEY


*/s/ Chandra Menon*
CHANDRA MENON
Assistant United States Attorney
650 Poydras Street, Suite 1600
New Orleans, Louisiana 70130
Telephone:  (504) 680-3085

## CERTIFICATE OF SERVICE

I hereby certify that on June 21, 2021, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to counsel for defendant.

*/s/ Chandra Menon*
CHANDRA MENON
Assistant United States Attorney
