# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO: 19-66 |
| PATRICIA HARGIS | SECTION: "S" |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that defendant's **Motion for Early Termination of Probation** (Rec. Doc. 60) is **DENIED**.

## BACKGROUND

On May 20, 2020, defendant was convicted upon her plea of guilty to Count One of the Bill of Information for filing a false income tax return. Defendant's Guideline Range called for 18 to 24 months incarceration. The court granted a downward variance and sentenced the defendant to a three-year term of probation with 21 months to be served under home confinement, with an exception allowing her to leave home to purchase groceries, attend church and doctors' appointments, and, with the prior approval of probation, to participate in events involving her granddaughter. The court also imposed restitution and a fine.

Defendant now moves for early termination of probation, stating that she has served over one year of the three-year term, has had no violations in the past year, has paid all her restitution obligation and fines, and her probation officer does not object to the request. She requests early termination so that she may drive her granddaughter to a summer job, and to visit her sisters who live out of state and due to health conditions, cannot drive. The government opposes the motion.

## DISCUSSION

Under title 18, section 3564(c) of the United States Code, a court may terminate a term of probation if, after considering the factors set forth in 18 U.S.C. § 3553(a), the court finds such action is "warranted by the conduct of the defendant and the interest of justice." "Courts have generally held that something more than compliance with the terms of probation is required to justify early termination; early termination is usually granted only in cases involving changed circumstances, such as exceptionally good behavior." United State v. Reed, 2020 WL 4530582, at *2 (E.D. La. June 5, 2020).

Filings submitted to the court following the submission of the instant motion reflect that defendant's granddaughter does not need transportation to her summer job. Further, if defendant wishes to visit with her sisters, or to have one of them move in with her, there is no reason why another individual besides the defendant cannot provide transportation. The defendant has not established extraordinary circumstances to warrant early termination. Further, in granting the defendant a downward variance, the court specifically weighed the § 3553(a) factors, including the history and characteristics of the defendant, and the need for the sentence to deter criminal activity, in fashioning her original sentence. A sentence reduction would undermine the goals of 18 U.S.C. § 3553(a). In sum, termination of probation is not warranted by the conduct of the defendant and the interest of justice. Accordingly,

**IT IS HEREBY ORDERED** that defendant's **Motion for Early Termination of**

**Probation** (Rec. Doc. 60) is **DENIED**.

New Orleans, Louisiana, this 29th day of June, 2021.

_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**